**AFFIRM; Opinion Filed November 19, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01304-CR

## DEMARCUS GEORGE JACKSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F11-59969-J

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Demarcus George Jackson was charged by indictment with one count of aggravated sexual assault of a child younger than fourteen years of age. After the trial court found appellant guilty and found an enhancement paragraph true, it sentenced appellant to twenty years' imprisonment. In three issues on appeal, appellant contends the evidence is legally insufficient to support the verdict and the trial court erred by excluding certain evidence. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We overrule appellant's issues and affirm the trial court's judgment.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to support his conviction. We apply the appropriate standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* The testimony of a child victim alone is sufficient to satisfy each element of the charged offense and support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2013); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd) (testimony of child victim sufficient to support conviction for aggravated sexual assault). We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

A person commits the offense of aggravated sexual assault of a child younger than fourteen years of age if he intentionally and knowingly causes the penetration of the sexual organ of a child by any means, and the victim is younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), 2(B) (West 2011). The indictment in this case alleged appellant caused the penetration of child complainant K.C.'s female sexual organ by use of his finger. The child complainant, K.C., testified that she was twelve years old on the night of the incident. Appellant came into her room where she was sleeping after he had been helping her uncle move them into a new apartment earlier in the day. Appellant asked her if she was sleeping, and when

she did not reply, he said that she was "cute and sexy." According to K.C., appellant then kissed her on her stomach, ear, and nose, and then put his hands in her pants. She testified that appellant touched her on her "private," on the "inside," and that his hands "moved." She also testified that she cried because this was the first time someone had touched her down there, and that it hurt and made her feel uncomfortable. A forensic biologist also testified that appellant's DNA was a match to the analysis of the swab taken from K.C.'s ear on the night of the incident.

In support of his sufficiency argument, and as the explanation for the presence of his DNA on K.C.'s ear, appellant relies on his own trial testimony that K.C. used his cell phone on the day of the incident and the forensic biologist's testimony that it is possible for DNA to be transferred through perspiration. However, K.C. testified that she did not use appellant's phone on the day of the incident and that appellant kissed her on her stomach, her ear, and nose. The trial court was free to believe K.C. and disbelieve appellant, and we must presume the trial court resolved any conflicting inferences in favor of the State and defer to that resolution. *See Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.).

Considering all the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found appellant guilty of the offense of aggravated sexual assault of a child beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. We overrule appellant's first issue.

### ADMISSION OF EVIDENCE

In his second and third issues, appellant contends the trial court erred in excluding certain impeachment evidence. We review these issues under an abuse of discretion standard. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App.

–3–

1991 (op. on reh'g)). We reverse only when the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Casey*, 215 S.W.3d at 879. We uphold the trial court's ruling if it was correct on any theory reasonably supported by the evidence and applicable to the case. *Willover*, 70 S.W.3d at 845.

In his second issue, appellant contends that he sought to introduce testimony about his continuing relationship with K.C.'s uncle regarding drug use. Appellant sought to introduce this testimony to impeach K.C.'s uncle who had testified earlier that he no longer abused drugs. The State objected to appellant's testimony and argued that it was irrelevant. The trial court sustained the objection. Appellant contends his testimony could be used to impeach K.C.'s uncle as part of his defense. However, even after a prompting by the trial court, appellant did not offer any evidence to support the relevancy of his testimony.

In his third issue, appellant contends that he sought to testify about whether he knew of any reason why K.C. testified earlier that she had not seen him before the night of the incident. Appellant contends he sought to introduce this testimony in order to impeach K.C. as part of his defense. The State objected and argued appellant's testimony called for speculation, and the trial court sustained the objection. Appellant did not then offer any evidence to dispute that his testimony would not call for speculation.

In both instances, it was within the trial court's sound discretion to exclude appellant's impeachment testimony. Appellant did not offer evidence in support of the relevancy of his testimony regarding K.C.'s uncle's drug usage. Nor did he offer evidence to show his testimony as to why K.C. testified she had not seen him before the date of the alleged offense was not speculation. Therefore, we conclude the trial court did not abuse its discretion in not admitting

the evidence. *See Casey*, 215 S.W.3d at 879; *Willover*, 70 S.W.3d at 845. We overrule appellant's second and third issues.

Having resolved appellant's three issues on appeal, we affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
121304F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DEMARCUS GEORGE JACKSON,
Appellant

No. 05-12-01304-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F11-59969-J.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 19th day of November, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE